1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11

| | | |
|---|---|---|
| In re CHARLOTTE RUSSE HOLDING, INCORPORATED SECURITIES LITIGATION | ) ) ) ) | No. 04-CV-2528-BTM(WMc) |
| | ) | CLASS ACTION |
| _____ | ) ) | ~~[PROPOSED]~~ FINAL JUDGMENT AND |
| This Document Relates To: | ) | ORDER OF DISMISSAL WITH PREJUDICE |
| ALL ACTIONS. | ) ) | DATE:      Submitted Matter |
| _____ | ) | TIME:      Submitted Matter |

COURTROOM:  The Honorable
                        Barry Ted Moskowitz

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This matter came before the Court for hearing pursuant to an Order of this Court, dated March 13, 2006, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated October 31, 2005 (the "Stipulation"), a copy of which is attached hereto as Exhibit 1.  Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, and pursuant to the Court's August 30, 2006 Order Approving (1) Final Settlement; (2) Plan of Allocation of Settlement Proceeds; and (3) Application for Award of Attorneys' Fees and Reimbursement of Expenses, a copy of which is attached hereto as Exhibit 2, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3.      Except as to any individual claim of those Persons (identified in Exhibit 3 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiffs and the other Members of the Settlement Class, and as against each and all of the Released Persons.  The parties are to bear their own costs, except as otherwise provided in the Stipulation.

4.      Upon the Effective Date, the Lead Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form.

5.      All Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

6.     Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Settlement Class Members and their counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

7.     The objection of Michael James Kannel is overruled.

DATED:  August 15, 2007

_____
THE HONORABLE BARRY TED MOSKOWITZ
UNITED STATES DISTRICT JUDGE

Submitted by:

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
ELLEN GUSIKOFF STEWART
MATTHEW P. MONTGOMERY


_____
       s/ Ellen Gusikoff Stewart
        ELLEN GUSIKOFF STEWART

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

Approved as to form:

COOLEY GODWARD LLP
WILLIAM E. GRAUER
KOJI F. FUKUMURA


_____
       s/ Koji F. Fukumura
        KOJI F. FUKUMURA

4401 Eastgate Mall
San Diego, CA  92121
Telephone:  858/550-6000
858/550-6420 (fax)

Attorneys for Defendants

C:\WINDOWS\Temporary Internet
Files\OLK10\JUDGMENT 00031253.doc

**EXHIBIT 1**

1 | LERACH COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2 | WILLIAM S. LERACH (68581)
     EDWARD P. DIETRICH (176118)
3 | ELLEN GUSIKOFF STEWART (144892)
     MATTHEW P. MONTGOMERY (180196)
4 | 655 West Broadway, Suite 1900
     San Diego, CA 92101
5 | Telephone: 619/231-1058
     619/231-7423 (fax)
6

7 | Lead Counsel for Plaintiffs

8

9

10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11 | In re CHARLOTTE RUSSE HOLDING,     )   No. 04-CV-2528-BTM(WMc)
     INCORPORATED SECURITIES          )
12 | LITIGATION                        )   CLASS ACTION
                                       )
13 | _____ )   STIPULATION OF SETTLEMENT
                                       )
14 | This Document Relates To:         )
                                       )
15 |     ALL ACTIONS.                  )
     _____ )

RECEIVED

NOV _ 9 2005

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

1       This Stipulation of Settlement, dated October 31, 2005 (the "Stipulation"), is made and

2   entered into pursuant to Rule 23 of the Federal Rules of Civil Procedure and contains the terms of a

3   settlement by and among the following Settling Parties (as defined further in Section IV hereof) to

4   the above-entitled Litigation: (i) the Lead Plaintiffs (on behalf of themselves and each of the

5   Settlement Class Members), by and through their counsel of record in the Litigation; and (ii) the

6   Defendants, by and through their counsel of record in the Litigation. The Stipulation is intended by

7   the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims,

8   upon and subject to the terms and conditions hereof and subject to the approval of this Court.

9   **I.     THE LITIGATION**

10       On and after December 17, 2004, three purported securities class action complaints were

11   filed in the United States District Court for the Southern District of California (the "Court") on

12   behalf of purchasers of Charlotte Russe Holding, Incorporated ("Charlotte Russe" or the

13   "Company") publicly traded securities during the period October 25, 2001 through December 6,

14   2004 (the "Litigation"). Named as Defendants in the Litigation were Charlotte Russe, Bernard

15   Zeichner, Mark A. Hoffman and Daniel T. Carter.

16       Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on April 25,

17   2005, Charleston Waterfront Employer-International Longshoremen's Association Pension Fund and

18   Structural Ironworkers Local Union #1 Annuity, Pension and Welfare Funds were appointed Lead

19   Plaintiffs and their choice of counsel, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, was

20   appointed Lead Counsel. Lead Plaintiffs maintained claims for Defendants' alleged violations of

21   §§10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§78j(b) and 78t(a), and

22   Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.

23   Lead Plaintiffs alleged that throughout the Class Period, Defendants mislead investors regarding the

24   success of the Company's turnaround initiatives. As a result, Lead Plaintiffs allege that the

25   Company's stock price was artificially inflated.

26       Following their appointment, Lead Plaintiffs, and their counsel conducted further

27   investigation and began preparing an amended complaint. In early June 2005, the parties engaged in

28   voluntary early neutral evaluation, and entered into several stipulations extending the time to file an

1  amended complaint following completion of that evaluation.  On August 29, 2005, the parties

2  conducted a mediation before the Honorable J. Lawrence Irving (Ret.).  The parties reached an

3  agreement-in-principle to settle the Litigation as set forth herein after the mediation had been

4  completed.

5  ## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

6  The Defendants have denied and continue to deny each and all of the claims and contentions

7  alleged by the Lead Plaintiffs in the Litigation.  The Defendants expressly have denied and continue

8  vigorously to deny all charges of wrongdoing or liability against them arising out of any of the

9  conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.

10  The Defendants also have denied and continue to deny, *inter alia*, the allegations that the Lead

11  Plaintiffs or the Settlement Class have suffered any damages, or that the Lead Plaintiffs or the

12  Settlement Class were harmed by the conduct alleged in the Litigation.

13  Nonetheless, the Defendants have concluded that further conduct of the Litigation would be

14  protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the

15  manner and upon the terms and conditions set forth in this Stipulation.  The Defendants also have

16  taken into account the uncertainty and risks inherent in any litigation, especially in complex cases

17  like this Litigation.  The Defendants have, therefore, determined that it is desirable and beneficial to

18  them that the Litigation be settled in the manner and upon the terms and conditions set forth in this

19  Stipulation.

20  ## III.   CLAIMS OF THE LEAD PLAINTIFFS AND BENEFITS OF
SETTLEMENT

21

22  The Lead Plaintiffs believe that the claims asserted in the Litigation have merit and that the

23  evidence developed to date supports the claims.  However, counsel for the Lead Plaintiffs recognize

24  and acknowledge the expense and length of continued proceedings necessary to prosecute the

25  Litigation against the Defendants through trial and through appeals.  Counsel for the Lead Plaintiffs

26  also have taken into account the uncertain outcome and the risk of any litigation, especially in

27  complex actions such as this Litigation, as well as the difficulties and delays inherent in such

28  litigation.  Counsel for the Lead Plaintiffs also are mindful of the inherent problems of proof and

1 possible defenses to the violations asserted in the Litigation. Counsel for the Lead Plaintiffs and the

2 Lead Plaintiffs believe that the settlement set forth in the Stipulation confers substantial benefits

3 upon the Settlement Class. Based on their evaluation, counsel for the Lead Plaintiffs have

4 determined that the settlement set forth in the Stipulation is in the best interests of the Lead Plaintiffs

5 and the Settlement Class.

6 **IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

7          NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the

8 Lead Plaintiffs (for themselves and the Settlement Class Members) and the Defendants, by and

9 through their respective counsel or attorneys of record, that, subject to the approval of the Court, the

10 Litigation and the Released Claims shall be finally and fully compromised, settled and released, and

11 the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the

12 terms and conditions of the Stipulation, as follows.

13     **1.    Definitions**

14          As used in the Stipulation the following terms have the meanings specified below:

15     1.1    "Authorized Claimant" means any Settlement Class Member whose claim for

16 recovery has been allowed pursuant to the terms of the Stipulation.

17     1.2    "Charlotte Russe" means Charlotte Russe Holding Inc. and any or all of its

18 predecessors, successors, parents, subsidiaries, divisions, officers, directors, employees and/or

19 related or affiliated entities.

20     1.3    "Claimant" means any Settlement Class Member who files a Proof of Claim in such

21 form and manner, and within such time, as the Court shall prescribe.

22     1.4    "Claims Administrator" means the firm of Gilardi & Co. LLC.

23     1.5    "Class Period" means the period between October 25, 2001 and December 6, 2004,

24 inclusive.

25     1.6    "Defendants" means Charlotte Russe and the Individual Defendants.

26     1.7    "Effective Date" means the first date by which all of the events and conditions

27 specified in ¶7.1 of the Stipulation have been met and have occurred.

28

1.8  "Escrow Agent" means the law firms of Lerach Coughlin Stoia Geller Rudman & Robbins LLP or its successor(s) and Cooley Godward LLP.  Upon execution of this Stipulation, Cooley Godward LLP will no longer serve as Escrow Agent.

1.9  "Final" means: (i) the date of final affirmance on an appeal of the Judgment, the expiration of the time for a petition for or a denial of a writ of certiorari to review the Judgment and, if certiorari is granted, the date of final affirmance of the Judgment following review pursuant to that grant; (ii) the date of final dismissal of any appeal from the Judgment or the final dismissal of any proceeding on certiorari to review the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Court's Judgment approving the Stipulation substantially in the form of Exhibit B attached hereto.

1.10  "Individual Defendants" means Bernard Zeichner, Mark A. Hoffman and Daniel T. Carter.

1.11  "Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.12  "Lead Counsel" means Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Edward P. Dietrich, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101.

1.13  "Lead Plaintiffs" means the Charleston Waterfront Employer-International Longshoremen's Association Pension Fund and Structural Ironworkers Local Union #1 Annuity, Pension and Welfare Funds.

1.14  "Person" means an individual, corporation, partnership, limited partnership, limited liability partnership (LLP), limited liability corporation (LLC), association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.15  "Plaintiffs' Counsel" means any counsel who have appeared on behalf of any plaintiff in the Litigation.

1.16  "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses

1  of notice and administration of the settlement, Taxes and Tax Expenses and such attorneys' fees,

2  costs, expenses and interest as may be awarded by the Court. Any Plan of Allocation is not part of

3  the Stipulation and Defendants and their Related Parties shall have no responsibility or liability with

4  respect thereto.

5     1.17    "Related Parties" means each of a Defendant's past or present directors, officers,

6  employees, insurers, co-insurers, reinsurers, controlling shareholders (including, but not limited to

7  Saunders Karp & Megrue Partners, LLC, SK Equity Fund, L.P., SK Investment Fund, L.P., and any

8  of its affiliates, representatives, agents, assigns, advisors or related entities), attorneys, accountants

9  or auditors, banks or investment banks, advisors, personal or legal representatives, predecessors,

10  successors, parents, subsidiaries, divisions, assigns, spouses, heirs, related or affiliated entities, any

11  entity in which a Defendant has a controlling interest, any member of an Individual Defendant's

12  immediate family, or any trust of which any Defendant is the settlor or which is for the benefit of

13  any Individual Defendant and/or member(s) of his family.

14     1.18    "Released Claims" shall collectively mean all claims (including "Unknown Claims"

15  as defined in ¶1.24 hereof), demands, rights, liabilities and causes of action of every nature and

16  description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that

17  might have been asserted, including, without limitation, claims for negligence, gross negligence,

18  breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations

19  of any state or federal common law or statutes, rules or regulations, by the Lead Plaintiffs or any

20  Settlement Class Member against the Released Persons (as defined below) arising out of, based upon

21  or related in any way to any of the following:  Both (a) the purchase, sale or holding of Charlotte

22  Russe publicly traded securities by any Lead Plaintiff or any Settlement Class Member during the

23  Class Period and the allegations set forth or that could have been set forth in the Litigation by the

24  Lead Plaintiffs; and (b) the settlement or resolution of the Litigation (including, without limitation,

25  any claim for attorneys' fees by Lead Plaintiffs or Settlement Class Members).

26     1.19    "Released Persons" means each and all of the Defendants and their Related Parties.

27     1.20    "Settlement Class" means all Persons who purchased, sold or held Charlotte Russe

28  publicly traded securities at any time during the Class Period. Excluded from the Settlement Class

1  are Defendants, members of the immediate families of the Individual Defendants, any entity in

2  which any Defendant has or had a controlling interest, directors and officers of Charlotte Russe, and

3  the legal representatives, heirs, successors, or assigns of any such excluded Person. Also excluded

4  from the Settlement Class are those Persons who timely and validly request exclusion from the

5  Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action to be

6  sent to Settlement Class Members.

7       1.21   "Settlement Class Member" or "Member of the Settlement Class" mean a Person who

8  falls within the definition of Settlement Class.

9       1.22   "Settlement Fund" means the principal amount of Three Million Nine Hundred

10  Thousand Dollars ($3,900,000) in cash paid pursuant to ¶2.1 hereof, plus all interest earned thereon.

11       1.23   "Settling Parties" means, collectively, each of the Defendants and the Lead Plaintiffs

12  on behalf of themselves and the Members of the Settlement Class.

13       1.24   "Unknown Claims" means any Released Claims which the Lead Plaintiffs or any

14  Settlement Class Member do not know or suspect to exist in his, her or its favor at the time of the

15  release of the Released Persons which, if known by him, her or it, might have affected his, her or its

16  settlement with and release of the Released Persons, or might have affected his, her or its decision

17  not to object to this settlement. With respect to any and all Released Claims, the Settling Parties

18  stipulate and agree that, upon the Effective Date, the Lead Plaintiffs shall expressly and each of the

19  Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have,

20  expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

21                **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH**
                **THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR**

22                 **HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF**
                **KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS**

23                 **OR HER SETTLEMENT WITH THE DEBTOR.**

24  The Lead Plaintiffs shall expressly and each of the Settlement Class Members shall be deemed to

25  have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights

26  and benefits conferred by any law of any state or territory of the United States, or principle of

27  common law, which is similar, comparable or equivalent to California Civil Code §1542. The Lead

28  Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from

1  those which he, she or it now knows or believes to be true with respect to the subject matter of the

2  Released Claims, but the Lead Plaintiffs shall expressly and each Settlement Class Member, upon

3  the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully,

4  finally, and forever settled and released any and all Released Claims, known or unknown, suspected

5  or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist,

6  or heretofore have existed, upon any theory of law or equity now existing or coming into existence

7  in the future, including, but not limited to, conduct which is negligent, intentional, with or without

8  malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence

9  of such different or additional facts.  The Lead Plaintiffs acknowledge, and the Settlement Class

10  Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing

11  waiver was separately bargained for and a key element of the settlement of which this release is a

12  part.

13      **2.      The Settlement**

14           **a.      The Settlement Fund**

15      2.1      The principal amount of $3,900,000 in cash was transferred to the Escrow Agent on

16  September 29, 2005.

17           **b.      The Escrow Agent**

18      2.2      The Escrow Agent may invest the Settlement Fund deposited pursuant to ¶2.1 hereof

19  in instruments backed by the full faith and credit of the United States Government or fully insured by

20  the United States Government or an agency thereof and shall reinvest the proceeds of these

21  instruments as they mature in similar instruments at their then-current market rates.  The Escrow

22  Agent shall bear all risks related to investment of the Settlement Fund.

23      2.3      The Escrow Agent shall not disburse the Settlement Fund except as provided in the

24  Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants and

25  Lead Counsel.

26      2.4      Subject to further order and/or direction as may be made by the Court, the Escrow

27  Agent is authorized to execute such transactions on behalf of the Settlement Class Members as are

28  consistent with the terms of the Stipulation.

1       2.5    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia*

2   *legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such

3   funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

4       2.6    Within five (5) days after the execution of this agreement, the Escrow Agent may

5   establish a "Class Notice and Administration Fund," and may deposit up to $100,000 from the

6   Settlement Fund in it. The Class Notice and Administration Fund may be used by Lead Counsel to

7   pay costs and expenses reasonably and actually incurred in connection with providing notice to the

8   Settlement Class, locating Settlement Class Members, soliciting claims, assisting with the filing of

9   claims, administering and distributing the Settlement Fund to Authorized Claimants, processing

10  Proof of Claim and Release forms and paying escrow fees and costs, if any. The Class Notice and

11  Administration Fund may also be invested and earn interest as provided for in ¶2.2 of this

12  Stipulation.

13          **c.**    **Taxes**

14      2.7    (a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund

15  as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In

16  addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out

17  the provisions of this ¶2.7, including the "relation-back election" (as defined in Treas. Reg. §1.468B-

18  1) back to the earliest permitted date. Such elections shall be made in compliance with the

19  procedures and requirements contained in such regulations. It shall be the responsibility of the

20  Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature

21  by all necessary parties, and thereafter to cause the appropriate filing to occur.

22          (b)    For the purpose of §468B of the Internal Revenue Code of 1986, as amended,

23  and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The

24  Escrow Agent shall timely and properly file all informational and other tax returns necessary or

25  advisable with respect to the Settlement Fund (including without limitation the returns described in

26  Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶2.7(a) hereof) shall be

27  consistent with this ¶2.7 and in all events shall reflect that all Taxes (including any estimated Taxes,

28

1   interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement

2   Fund as provided in ¶2.7(c) hereof.

3           (c)     All (a) Taxes (including any estimated Taxes, interest or penalties) arising

4   with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that

5   may be imposed upon the Defendants or their counsel with respect to any income earned by the

6   Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified

7   settlement fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs

8   incurred in connection with the operation and implementation of this ¶2.7 (including, without

9   limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and

10  expenses relating to filing (or failing to file) the returns described in this ¶2.7) ("Tax Expenses"),

11  shall be paid out of the Settlement Fund; in all events the Defendants and their counsel shall have no

12  liability or responsibility for the Taxes or the Tax Expenses. The Escrow Agent shall indemnify and

13  hold each of the Released Persons, Defendants and their Related Parties and their counsel harmless

14  for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such

15  indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost

16  of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the

17  Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated

18  (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized

19  Claimants any funds necessary to pay such amounts including the establishment of adequate reserves

20  for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under

21  Treas. Reg. §1.468B-2(l)(2)); neither the Defendants nor their counsel are responsible nor shall they

22  have any liability therefor. The parties hereto agree to cooperate with the Escrow Agent, each other,

23  and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions

24  of this ¶2.7.

25          (d)     For the purpose of this ¶2.7, references to the Settlement Fund shall include

26  both the Settlement Fund and the Class Notice and Administration Fund and shall also include any

27  earnings thereon.

28

### d.   Termination of Settlement

2.8   In the event that the Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason, the parties agree that the Escrow Agent shall refund the Settlement Fund (including accrued interest) less expenses actually incurred or due and owing in connection with the settlement.

### 3.   Notice Order and Settlement Hearing

3.1   As soon as practical following execution of the Stipulation, Lead Counsel shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Notice Order"), substantially in the form of Exhibit A hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Stipulation, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto.   The Notice shall include the general terms of the settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application as defined in ¶6.1 hereof and the date of the Settlement Hearing as defined below.

3.2   Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the settlement of the Litigation as set forth herein.   At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

### 4.   Releases

4.1   Upon the Effective Date, as defined in ¶1.7 hereof, Lead Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Released Persons, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release.

4.2   The Proof of Claim and Release to be executed by Settlement Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3     Upon the Effective Date, as defined in ¶1.7 hereof, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Settlement Class Members and counsel to the Lead Plaintiffs from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

**5.     Administration and Calculation of Claims, Final Awards and Supervision and Distribution of Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of the Court and/or Lead Counsel, as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay counsel to the Lead Plaintiffs attorneys' fees, expenses and costs with interest thereon (the "Fee and Expense Award"), if and to the extent allowed by the Court;

(b)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Settlement Class Members, soliciting Settlement Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any;

(c)     to pay the Taxes and Tax Expenses described in ¶2.7 hereof; and

(d)     to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

1      5.4    Within ninety (90) days after the mailing of the Notice or such other time as may be

2  set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to

3  the Claims Administrator a completed Proof of Claim and Release, substantially in the form of

4  Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are

5  specified in the Proof of Claim and Release and as are reasonably available to the Authorized

6  Claimant.

7      5.5    Except as otherwise ordered by the Court, all Settlement Class Members who fail to

8  timely submit a Proof of Claim and Release within such period, or such other period as may be

9  ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments

10  pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject

11  to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.

12  Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late

13  filed claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not

14  materially delayed.

15      5.6    The Net Settlement Fund shall be distributed to the Authorized Claimants

16  substantially in accordance with a Plan of Allocation to be described in the Notice and approved by

17  the Court.

18      5.7    The Released Persons shall have no responsibility for, interest in, or liability

19  whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of

20  Allocation, the determination, administration, or calculation of claims, the payment or withholding

21  of Taxes, or any losses incurred in connection therewith.

22      5.8    No Person shall have any claim against Lead Counsel, the Claims Administrator or

23  their counsel based on the distributions made substantially in accordance with the Stipulation and the

24  settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

25      5.9    It is understood and agreed by the Settling Parties that any proposed Plan of

26  Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an

27  Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered

28  by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy

1  of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of

2  Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's

3  Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered

4  pursuant to the Stipulation.

5  **6.    Lead Counsel's Attorneys' Fees and Reimbursement of Expenses**

6  6.1    Lead Counsel may submit an application or applications (the "Fee and Expense

7  Application") for distributions to them from the Settlement Fund for an award of attorneys' fees, and

8  reimbursement of expenses incurred in connection with prosecuting the Litigation, plus any interest

9  on such attorneys' fees and expenses at the same rate and for the same periods as earned by the

10  Settlement Fund (until paid). Lead Counsel reserve the right to make additional applications for fees

11  and expenses incurred. The Lead Plaintiffs may submit an application for reimbursement of their

12  expenses (including lost wages) incurred in representing the Settlement Class in the Litigation.

13  6.2    The attorneys' fees, expenses and costs, as awarded by the Court, shall be paid to

14  Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order

15  awarding such fees and expenses. Lead Counsel shall thereafter allocate the attorneys' fees amongst

16  Plaintiffs' Counsel in a manner in which they in good faith believe reflects the contributions of such

17  counsel to the prosecution and settlement of the Litigation. In the event that the Effective Date does

18  not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified,

19  or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and

20  Expense Award has been paid to any extent, then Lead Counsel shall within five (5) business days

21  from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to

22  the Settlement Fund the fees, expenses and costs previously paid to them from the Settlement Fund

23  plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with

24  such reversal or modification. Each Plaintiffs' Counsel's law firm, as a condition of receiving such

25  fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law

26  firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of

27  enforcing the provisions of this paragraph.

28

6.3     The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and expenses to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

6.4     Defendants and their Related Parties shall have no responsibility for the allocation among Plaintiffs' Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     Defendants have timely made or caused to be made their contributions to the Settlement Fund as required by ¶2.1 hereof;

(b)     the Court has entered the Notice Order, as required by ¶3.1 hereof;

(c)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto;

(d)     the Judgment has become Final, as defined in ¶1.9 hereof; and

(e)     Defendants have not exercised their option to terminate the Stipulation in accordance with the terms of the Supplemental Agreement described in ¶7.2.

7.2     If prior to the Settlement Hearing, Persons who otherwise would be Settlement Class Members have submitted timely and valid requests for exclusion from the Settlement Class in accordance with the provisions of the Notice and such Persons have purchased in the aggregate a total number of shares greater than the number specified in a separate supplemental agreement (the "Supplemental Agreement"), Defendants shall have the option (which option must be exercised

1  unanimously) to terminate the Stipulation in accordance with the provisions set forth in the

2  Supplemental Agreement. The Supplemental Agreement will not be filed with the Court unless and

3  until a dispute among the parties concerning its interpretation or application arises and in that event,

4  the Supplemental Agreement shall be filed and maintained by the Court under seal.

5       7.3    Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all

6  remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and

7  forever extinguished. If all of the conditions specified in ¶7.1 hereof are not met, then the

8  Stipulation shall be canceled and terminated subject to ¶7.5 hereof unless Lead Counsel and counsel

9  for Defendants mutually agree in writing to proceed with the Stipulation.

10       7.4    Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or

11  be canceled, or shall not become effective for any reason, within five (5) business days after written

12  notification of such event is sent by counsel for Defendants, or Lead Counsel to the Escrow Agent,

13  subject to the terms of ¶2.8 hereof, the Settlement Fund (including accrued interest), plus any

14  amount then remaining in the Class Notice and Administration Fund (including accrued interest),

15  less expenses and any costs which have either been disbursed pursuant to ¶2.6 hereof, or are

16  determined to be chargeable to the Class Notice and Administration Fund, shall be refunded by the

17  Escrow Agent pursuant to written instructions from Defendants' counsel. At the request of counsel

18  to the Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the

19  Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in

20  connection with such application(s) for refund, to the Defendants at the written direction of counsel

21  to the Defendants.

22       7.5    In the event that the Stipulation is not approved by the Court or the settlement set

23  forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the

24  Settling Parties shall be restored to their respective positions in the Litigation as of September 20,

25  2005. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.24,

26  2.8, 6.2-6.4, 7.4-7.6, 8.2-8.3, 8.8-8.13 hereof, shall have no further force and effect with respect to

27  the Settling Parties and shall not be used in this Litigation or in any other proceeding for any

28  purpose, and any judgment or order entered by the Court in accordance with the terms of the

1   Stipulation shall be treated as vacated, *nunc pro tunc.* No order of the Court or modification or
2   reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any
3   attorneys' fees, costs, expenses and interest awarded by the Court to the Lead Plaintiffs or their
4   counsel shall constitute grounds for cancellation or termination of the Stipulation.

5         7.6     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its
6   terms, neither the Lead Plaintiffs nor their counsel shall have any obligation to repay any amounts
7   actually and properly disbursed from the Class Notice and Administration Fund. In addition, any
8   expenses already incurred and properly chargeable to the Class Notice and Administration Fund
9   pursuant to ¶2.8 hereof at the time of such termination or cancellation but which have not been paid,
10  shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the
11  balance being refunded in accordance with ¶¶2.8 and 7.4 hereof.

12  **8.    Miscellaneous Provisions**

13        8.1     The Settling Parties (a) acknowledge that it is their intent to consummate this
14  agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement
15  all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the
16  foregoing terms and conditions of the Stipulation.

17        8.2     The Settling Parties intend this settlement to be a final and complete resolution of all
18  disputes between them with respect to the Litigation. The settlement compromises claims which are
19  contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or
20  defense. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms
21  of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that
22  was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve
23  their right to rebut, in a manner that such party determines to be appropriate, any contention made in
24  any public forum that the Litigation was brought or defended in bad faith or without a reasonable
25  basis. The Judgment will contain a finding that during the course of the Litigation, the Settling
26  Parties and their respective counsel at all times complied with the requirements of Rule 11 of the
27  Federal Rules of Civil Procedure. The Settling Parties may issue a press release concerning the
28  settlement but may not contradict any of the foregoing language in this ¶8.2.

1      8.3    Neither the Stipulation nor the settlement contained therein, nor any act performed or

2 document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be

3 deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim,

4 or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used

5 as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil,

6 criminal or administrative proceeding in any court, administrative agency or other tribunal.

7 Defendants may file the Stipulation and/or the Judgment in any action that may be brought against

8 them in order to support a defense or counterclaim based on principles of *res judicata*, collateral

9 estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim

10 preclusion or issue preclusion or similar defense or counterclaim.

11      8.4    All agreements made and orders entered during the course of the Litigation relating to

12 the confidentiality of information shall survive this Stipulation.

13      8.5    All of the Exhibits to this Stipulation are material and integral parts hereof and are

14 fully incorporated herein by this reference.

15      8.6    This Stipulation may be amended or modified only by a written instrument signed by

16 or on behalf of all Settling Parties or their respective successors-in-interest.

17      8.7    This Stipulation and the Exhibits attached hereto constitute the entire agreement

18 among the parties hereto and no representations, warranties or inducements have been made to any

19 party concerning the Stipulation or its Exhibits other than the representations, warranties and

20 covenants contained and memorialized in such documents.  Except as otherwise provided herein,

21 each party shall bear its own costs.

22      8.8    Lead Counsel, on behalf of the Settlement Class, are expressly authorized by the Lead

23 Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class

24 pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any

25 modifications or amendments to the Stipulation on behalf of the Settlement Class which they deem

26 appropriate.

27      8.9    Each counsel or other Person executing the Stipulation or any of its Exhibits on

28 behalf of any party hereto hereby warrants that such Person has the full authority to do so.

1       8.10   The Stipulation may be executed in one or more counterparts. All executed

2   counterparts and each of them shall be deemed to be one and the same instrument. A complete set of

3   original executed counterparts shall be filed with the Court.

4       8.11   The Stipulation shall be binding upon, and inure to the benefit of, the successors and

5   assigns of the parties hereto.

6       8.12   The Court shall retain jurisdiction with respect to implementation and enforcement of

7   the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for

8   purposes of implementing and enforcing the settlement embodied in the Stipulation.

9       8.13   This Stipulation and the Exhibits hereto shall be considered to have been negotiated,

10  executed and delivered, and to be wholly performed, in the State of California, and the rights and

11  obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and

12  governed by, the internal, substantive laws of the State of California without giving effect to that

13  State's choice-of-law principles.

14          IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

15  executed, by their duly authorized attorneys, dated as of October 31, 2005.

16                                LERACH COUGHLIN STOIA GELLER
                                   RUDMAN & ROBBINS LLP

17                                WILLIAM S. LERACH
                                  EDWARD P. DIETRICH

18                                ELLEN GUSIKOFF STEWART
                                  MATTHEW P. MONTGOMERY

19

20  **IT IS SO ORDERED**

21  **DATED** _____

                                          ELLEN GUSIKOFF STEWART

22  **UNITED STATES DISTRICT JUDGE**

                                655 West Broadway, Suite 1900

23                                San Diego, CA 92101
                                  Telephone: 619/231-1058

24                                619/231-7423 (fax)

25                                Lead Counsel for Plaintiffs

26

27

28

                        04-CV-2528-BTM(WMc)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COOLEY GODWARD LLP
WILLIAM E. GRAUER
KOJI F. FUKUMURA

_____
KOJI F. FUKUMURA

4401 Eastgate Mall
San Diego, CA 92121
Telephone: 858/550-6000
858/550-6420 (fax)

Attorneys for Defendants

S:\Settlement\Charlotte Russe.set\(v2) STP 00024982.doc

- 19 -

04-CV-2528-BTM(WMc)

# EXHIBIT  A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CHARLOTTE RUSSE HOLDING, INCORPORATED SECURITIES LITIGATION | ) ) ) ) ) |
| _____ | ) ) |
| This Document Relates To:<br><br>ALL ACTIONS. | ) ) ) ) ) |

No. 04-CV-2528-BTM(WMc)

CLASS ACTION

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

EXHIBIT A

1    WHEREAS, a consolidated class action is pending in the Court entitled *In re Charlotte Russe*

2  *Holding, Incorporated Securities Litigation*, Master File No. 04-CV-2528-BTM(WMc);

3    WHEREAS, the parties having made application, pursuant to Rule 23 of the Federal Rules of

4  Civil Procedure, for an order approving the settlement of this action, in accordance with a Stipulation

5  of Settlement dated October 31, 2005 (the "Stipulation"), which, together with the Exhibits annexed

6  thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for

7  dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the

8  Court having read and considered the Stipulation and the Exhibits annexed thereto; and

9    WHEREAS, all defined terms contained herein shall have the same meanings as set forth in

10  the Stipulation;

11    NOW THEREFORE, IT IS HEREBY ORDERED:

12    1.    The Court does hereby preliminarily approve the Stipulation and the settlement set

13  forth therein as being fair, reasonable and adequate as to the Settlement Class Members, subject to

14  further consideration at the Settlement Hearing described below.

15    2.    A hearing (the "Settlement Hearing") shall be held before this Court on

16  _____, 2005, at __:__ __.m., at the United States District Court, Southern District of

17  California, 880 Front Street, San Diego, California, to determine whether the proposed settlement of

18  the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and

19  adequate as to the Settlement Class and should be approved by the Court; whether a Judgment as

20  provided in ¶1.11 of the Stipulation should be entered herein; whether the proposed Plan of

21  Allocation should be approved; and to determine the amount of fees and expenses that should be

22  awarded to Lead Counsel and the Lead Plaintiffs. The Court may adjourn the Settlement Hearing

23  without further notice to Members of the Settlement Class.

24    3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily

25  certifies, for purposes of effectuating this settlement, a Settlement Class of all Persons who

26  purchased, sold or held Charlotte Russe Holding, Incorporated publicly traded securities at any time

27  during the period between October 25, 2001 and December 6, 2004, inclusive. Excluded from the

28  Settlement Class are Defendants, members of the immediate families of the Individual Defendants,

1   any entity in which any Defendant has or had a controlling interest, directors and officers of

2   Charlotte Russe Holding, Incorporated, and the legal representatives, heirs, successors, or assigns of

3   any such excluded Person. Also excluded from the Settlement Class are those Persons who timely

4   and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and

5   Proposed Settlement of Class Action to be sent to Settlement Class Members pursuant to this Order.

6        4.     With respect to the Settlement Class, this Court preliminarily finds that: (a) the

7   Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in

8   the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement

9   Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are

10  typical of the claims of the Settlement Class; (d) Lead Plaintiffs and their counsel have fairly and

11  adequately represented and protected the interests of all of the Settlement Class Members; and (e) a

12  class action is superior to other available methods for the fair and efficient adjudication of the

13  controversy, considering: (i) the interests of the Members of the Settlement Class in individually

14  controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation

15  concerning the controversy already commenced by Members of the Settlement Class; (iii) the

16  desirability or undesirability of continuing the litigation of these claims in this particular forum; and

17  (iv) the difficulties likely to be encountered in the management of the class action.

18       5.     The Court approves, as to form and content, the Notice of Pendency and Proposed

19  Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of

20  Claim"), and Summary Notice annexed as Exhibits A-1, A-2 and A-3 hereto and finds that the

21  mailing and distribution of the Notice and publishing of the Summary Notice substantially in the

22  manner and form set forth in ¶6 of this Order meet the requirements of Rule 23 of the Federal Rules

23  of Civil Procedure and due process, and is the best notice practicable under the circumstances and

24  shall constitute due and sufficient notice to all Persons entitled thereto.

25       6.     Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints the

26  firm of Gilardi & Co. LLC, 1115 Magnolia Avenue, Larkspur, CA 94939 ("Claims Administrator")

27  to supervise and administer the notice procedure as well as the processing of claims as more fully set

28  forth below:

04-CV-2528-BTM(WMc)

1    (a)    Not later than _____, 2005 (the "Notice Date"), the Claims

2    Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms

3    annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Settlement Class

4    Members who can be identified with reasonable effort;

5    (b)    Not later than _____, 2005, the Claims Administrator shall cause the

6    Summary Notice to be published once in the national edition of *Investor's Business Daily*; and

7    (c)    Not later than _____, 2005, Lead Counsel shall serve on Defendants'

8    counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

9    7.    Nominees who purchased the publicly traded securities of Charlotte Russe for the

10   benefit of another Person during the period between October 25, 2001 and December 6, 2004,

11   inclusive, shall be requested to send the Notice and the Proof of Claim to all such beneficial owners

12   of Charlotte Russe securities within ten (10) days after receipt thereof, or send a list of the names and

13   addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt

14   thereof in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim

15   to such beneficial owners.

16   8.    Any Person falling within the definition of the Settlement Class who desires to

17   request exclusion from the Settlement Class shall do so within the time set forth and in the manner

18   described in the Notice. Unless the Court orders otherwise, no request for exclusion shall be valid

19   unless it is made within the time set forth and in the manner described in the Notice.

20   9.    All Members of the Settlement Class shall be bound by all determinations and

21   judgments in the Litigation concerning the settlement, including, but not limited to, the releases

22   provided for therein, whether favorable or unfavorable to the Settlement Class.

23   10.    Settlement Class Members who wish to participate in the settlement shall complete

24   and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the

25   Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days

26   from the Notice Date. Any Settlement Class Member who does not timely submit a Proof of Claim

27   within the time provided for, shall be barred from sharing in the distribution of the proceeds of the

28   Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead

- 3 -                                    04-CV-2528-BTM(WMc)

1   Counsel may, in their discretion, accept for processing late claims so long as the distribution of the

2   Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

3         11.     Any Member of the Settlement Class may enter an appearance in the Litigation, at

4   their own expense, individually or through counsel of their own choice.  If they do not enter an

5   appearance, they will be represented by Lead Counsel.

6         12.     All proceedings in the Litigation are stayed until further order of the Court, except as

7   may be necessary to implement the settlement or comply with the terms of the Stipulation. Pending

8   final determination of whether the settlement should be approved, neither the Lead Plaintiffs nor any

9   Settlement Class Member, either directly, representatively, or in any other capacity, shall commence

10   or prosecute against any of the Released Persons, any action or proceeding in any court or tribunal

11   asserting any of the Released Claims.

12         13.     Any Member of the Settlement Class may appear and show cause, if he, she or it has

13   any, why the proposed settlement of the Litigation should or should not be approved as fair,

14   reasonable and adequate, or why a judgment should or should not be entered thereon, why the Plan

15   of Allocation should or should not be approved, or why attorneys' fees and expenses should or

16   should not be awarded to counsel for the Lead Plaintiffs or the expenses (including lost wages) of the

17   Lead Plaintiffs incurred in prosecuting the Litigation; provided, however, that no Settlement Class

18   Member or any other Person shall be heard or entitled to contest the approval of the terms and

19   conditions of the proposed settlement, or, if approved, the judgment to be entered thereon approving

20   the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be

21   awarded to Lead Counsel or the Lead Plaintiffs, unless written objections and copies of any papers

22   and briefs are received by Ellen Gusikoff Stewart, Lerach Coughlin Stoia Geller Rudman & Robbins

23   LLP, 655 West Broadway, Suite 1900, San Diego, California 92101, and Koji Fukumura, Cooley

24   Godward LLP, 4401 Eastgate Mall, San Diego, California 92121, on or before _____, 2005;

25   and said objections, papers and briefs are filed with the Clerk of the Court for the Southern District

26   of California, 880 Front Street, San Diego, CA 92101-8900, on or before _____, 2005. Any

27   Member of the Settlement Class who does not make his, her or its objection in the manner provided

28   shall be deemed to have waived such objection and shall forever be foreclosed from making any

1   objection to the fairness, reasonableness or adequacy of the proposed settlement as incorporated in

2   the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Lead

3   Counsel or the Lead Plaintiffs, unless otherwise ordered by the Court.

4       14.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in

5   accordance with the terms and obligations of the Stipulation is approved.  No Person that is not a

6   Settlement Class Member or Lead Counsel shall have any right to any portion of, or in the

7   distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in

8   the Stipulation.

9       15.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia*

10  *legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such

11  funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

12      16.     All motions and papers in support of the settlement, the Plan of Allocation, and any

13  application by counsel for the Lead Plaintiffs for attorneys' fees or reimbursement of expenses shall

14  be filed and served on or before _____, 2005.

15      17.     All reasonable costs incurred in identifying and notifying class members, as well as in

16  administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the

17  settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead

18  Plaintiffs nor Lead Counsel shall have any obligation to repay to Defendants the reasonable and

19  actual costs of class notice and of administration.

20

21

22

23

24

25

26

27

28

18.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

DATED: _____     _____
                                          THE HONORABLE BARRY TED MOSKOWITZ
                                          UNITED STATES DISTRICT JUDGE

Submitted by:

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
EDWARD P. DIETRICH
ELLEN GUSIKOFF STEWART
MATTHEW P. MONTGOMERY

_____
        ELLEN GUSIKOFF STEWART

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

S:\Settlement\Charlotte Russe.set\(v2) EA-00024990.doc

# EXHIBIT A-1

1   LERACH COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2   WILLIAM S. LERACH (68581)
   EDWARD P. DIETRICH (176118)
3   ELLEN GUSIKOFF STEWART (144892)
   MATTHEW P. MONTGOMERY (180196)
4   655 West Broadway, Suite 1900
   San Diego, CA 92101
5   Telephone: 619/231-1058
   619/231-7423 (fax)
6
   Lead Counsel for Plaintiffs
7

8               UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

| 11 | In re CHARLOTTE RUSSE HOLDING, INCORPORATED SECURITIES | ) ) | No. 04-CV-2528-BTM(WMc) |
|---|---|---|---|
| 12 | LITIGATION | ) ) | CLASS ACTION |
| 13 | ———————————————————— | ) ) | NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION |
| 14 | This Document Relates To: | ) ) | |
| 15 |    ALL ACTIONS. | ) ) ) | EXHIBIT A-1 |

16

17

18

19

20

21

22

23

24

25

26

27

28

*IF YOU PURCHASED CHARLOTTE RUSSE HOLDING, INCORPORATED PUBLICLY TRADED SECURITIES BETWEEN OCTOBER 25, 2001 AND DECEMBER 6, 2004, YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT.*

A federal court authorized this Notice. This is not a solicitation from a lawyer.

**Security and Time Period:** Charlotte Russe Holding, Incorporated ("Charlotte Russe") publicly traded securities purchased between October 25, 2001 and December 6, 2004.

**Settlement Fund:** $3,900,000 in cash. Your recovery will depend on the amount and type of security purchased and the timing of your purchases and any sales. Depending on the number of eligible shares that participate in the settlement and when those shares were purchased and sold, the estimated average recovery per share will be approximately $0.25 before deduction of Court-approved fees and expenses.

**Reasons for Settlement:** Avoids the costs and risks associated with continued litigation, including danger of no recovery.

**If the Case Had Not Settled:** Continuing with the case could have resulted in dismissal or loss at trial. The two sides vigorously dispute the amount of money that could have been won if Lead Plaintiffs prevailed at trial. The parties disagree about: (1) the method for determining whether Charlotte Russe securities were artificially inflated during the relevant period; (2) the amount of any such inflation; (3) whether the extent or to which various facts alleged by Lead Plaintiffs were materially false or in any way misleading; (4) the extent that various facts alleged by Lead Plaintiffs influenced the trading price of Charlotte Russe securities traded during the relevant period; and (5) whether the facts alleged were material, false, misleading or otherwise actionable under the securities laws.

**Attorneys' Fees and Expenses:** Court-appointed Lead Counsel will ask the Court for attorneys' fees not to exceed 25% of the Settlement Fund and reimbursement of out-of-pocket expenses not to exceed $200,000 to be paid from the Settlement Fund. If the above amounts are requested and approved by the Court, the average cost per share will be $0.07. Lead Counsel have not received any payment for their work investigating the facts, conducting this Litigation and negotiating the settlement on behalf of the Lead Plaintiffs and the Settlement Class.

**Deadlines:**

Submit Claim:               _____, 2005

Request Exclusion:        _____, 2005

File Objection:             _____, 2005

**Court Hearing on Fairness of Settlement:** _____, 2005

**More Information:**  www.gilardi.com or

Claims Administrator:                          Lead Counsel:

Gilardi & Co. LLC                    Rick Nelson
P.O. Box 8040                        Shareholder Relations
San Rafael, CA 94912-8040            Lerach Coughlin Stoia Geller
                                       Rudman & Robbins LLP
                                     655 West Broadway, Suite 1900
                                     San Diego, CA  92101

• Your legal rights are affected whether you act, or don't act.  Read this Notice carefully.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that allows you to participate in another lawsuit against the Defendants relating to the legal claims in this case. |
| **OBJECT** | You may write to the Court if you don't like this settlement. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. |

• These rights and options — *and the deadlines to exercise them* — are explained in this Notice.

04-CV-2528-BTM(WMc)

- The Court in charge of this case must decide whether to approve the settlement.

Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

## BASIC INFORMATION

### 1.    Why Did I Get This Notice Package?

You or someone in your family may have purchased Charlotte Russe publicly traded securities between October 25, 2001 and December 6, 2004.

The Court sent you this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Southern District of California, and the case is known as *In re Charlotte Russe Holding, Incorporated Securities Litigation*, Master File No. 04-CV-2528-BTM(WMc).  The people who sued are called the Lead Plaintiffs, and the company and the individuals they sued, Charlotte Russe, Bernard Zeichner, Mark A. Hoffman and Daniel T. Carter, are called the Defendants.

### 2.    What Is This Lawsuit About?

This case was brought as a class action alleging that the Defendants misrepresented the success of the Company's turnaround initiatives, resulting in the artificial inflation of the price of Charlotte Russe securities between October 25, 2001 and December 6, 2004.  Defendants deny that they did anything wrong.

### 3.    Why Is This a Class Action?

In a class action, one or more people called class representatives (in this case the Court-appointed Lead Plaintiffs, the Charleston Waterfront Employer-International Longshoremen's Association Pension Fund and Structural Ironworkers Local Union #1 Annuity, Pension and Welfare

Funds), sue on behalf of people who have similar claims. Here, all these people are called a Settlement Class or Settlement Class Members. One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class. Judge Barry Ted Moskowitz is in charge of this class action.

### 4.      Why Is There a Settlement?

The Court did not decide in favor of Lead Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and eligible Settlement Class Members who make a valid claim will get compensation. The Lead Plaintiffs and their attorneys think the settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine if you are a Settlement Class Member.

### 5.      How Do I Know if I Am Part of the Settlement?

The Settlement Class includes *all Persons who purchased, sold or held Charlotte Russe publicly traded securities between October 25, 2001 and December 6, 2004, except those persons and entities that are excluded, as described below.*

### 6.      What Are The Exceptions to Being Included?

You are not a Settlement Class Member if you are a Defendant, a member of the immediate family of one of the Individual Defendants listed in question 1, an entity in which any Defendant has or had a controlling interest, a director or officer of Charlotte Russe, or a legal representative, heir, successor, or assign of any such excluded Person.

If you sold Charlotte Russe publicly traded securities between October 25, 2001 and December 6, 2004, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you purchased Charlotte Russe publicly traded securities between October 25, 2001 and December 6, 2004.

04-CV-2528-BTM(WMc)

7.      **I'm Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help.  You can call Rick Nelson at 619/231-1058 for more information.  Or you can fill out and return the claim form described in question 10, to see if you qualify.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

8.      **What Does the Settlement Provide?**

Defendants have agreed to pay $3,900,000 in cash to be divided among all eligible Settlement Class Members who send in valid claim forms, after payment of Court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice.

9.      **How Much Will My Payment Be?**

Your share of the fund will depend on the number of valid claim forms that Settlement Class Members send in and how many shares of stock you purchased during the relevant period and when you bought and sold them.  The allocation below is based on the following price declines:

| | |
|---|---|
| 9/8/04 Closing Price: | $14.630 |
| 9/9/04 Closing Price: | $11.200 |
| | $ 3.430 ("9/9/04 Price Decline") |

| | |
|---|---|
| 12/6/04 Closing Price: | $10.910 |
| 12/7/04 Closing Price: | $10.090 |
| | $ 0.820 ("12/7/04 Price Decline") |

The 90 day average closing price following the Class Period is equal to $10.658 ("Floor Value").

For shares purchased on any of the following dates:  November 25, 2003, November 26, 2003, November 28, 2003, March 12, 2004, or July 19, 2004, the recovery per share shall be the lesser of (i) the difference between the purchase price per share less the sales price per share, or (ii) the difference between the purchase price per share less $10.090 per share (12/7/04 Closing Price).  This provision is related to the claims pursuant to §20A of the Securities Exchange Act of 1934 for Settlement Class Members who purchased their shares on the same dates when the named defendants sold their shares.

### Proposed Allocation

Note: For the purposes of calculating the recovery per share, the purchase price per share ("Purchase Price") and the sales price per share ("Sales Price") are defined as the actual per share transaction price net of any commissions paid.

### Common Stock

1.  For shares of Charlotte Russe common stock that were **purchased on October 25, 2001 through September 8, 2004**, and

    (a)  sold prior to September 9, 2004, the claim per share is $0;

    (b)  sold from September 9, 2004 through December 6, 2004, the claim per share is the lesser of (i) the Purchase Price less $10.658 (Floor Value), or (ii) $3.430 (9/9/04 Price Decline);

    (c)  retained at the end of December 7, 2004, the claim per share is the lesser of (i) the Purchase Price less $10.658 (Floor Value), or $4.250 (9/9/04 & 12/7/04 Price Declines).

2.  For shares of Charlotte Russe common stock that were **purchased on September 9, 2004 through December 6, 2004**, and

    (a)  sold prior to December 7, 2004, the claim per share is $0;

    (b)  retained at the end of December 6, 2004, the claim per share is the lesser of (i) the Purchase Price less $10.658 (Floor Value), or $0.820 (12/7/04 Price Decline).

### Call Options

1.  For Call Options on Charlotte Russe common stock that were **purchased during the period October 25, 2001 through December 6, 2004**, and

    (a)  owned at the end of one of the following dates:  September 8, 2004 or December 6, 2004, the claim per Call Option is the difference between the price paid for the Call Option less the proceeds received upon the settlement of the Call Option contract;

    (b)  not owned at the end of one of the following dates:  September 8, 2004 or December 6, 2004, the claim per Call Option is $0.

2.  For Call Options on Charlotte Russe common stock that were **written during the period October 25, 2001 through December 6, 2004**, the claim per call option is $0.

04-CV-2528-BTM(WMc)

<b>Put Options</b>

1.    For Put Options on Charlotte Russe common stock that were ***written during the period October 24, 2001 through December 6, 2004***, and

(a)    owned at the end of one of the following dates:  September 8, 2004 or December 6, 2004, the claim per Put Option is the difference between the amount paid upon settlement of the Put Option contract less the initial proceeds received upon the sale of the Put Option contract;

(b)    not owned at the end of one of the following dates: September 8, 2004 or December 6, 2004, the claim per Put Option is $0.

2.    For Put Options on Charlotte Russe common stock that were ***purchased during the period October 25, 2001 through December 6, 2004***, the claim per Put Option is $0

Note: In the case the option was exercised for Charlotte Russe common stock, the amount paid, or proceeds received, upon the settlement of the option contract equals the intrinsic value of the option using Charlotte Russe common stock's closing price on the date the option was exercised.

For the purposes of this allocation, the aggregate allowed claims for option holders shall not exceed 5% of the Net Settlement Fund.

The payment you get will reflect your pro rata share after deduction of Court-approved fees and expenses.  Depending on the number of eligible shares that participate in the settlement and when those shares were purchased and sold, the estimated average payment will be approximately $0.25 for each share before deduction of Court-approved fees and expenses.  The number of claimants who send in claims varies widely from case to case.  If fewer than anticipated Settlement Class Members send in a claim form, you could get more money.

<b>HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM</b>

**10.    How Will I Get a Payment?**

To qualify for payment, you must be an eligible Settlement Class Member and you must send in a claim form.  A claim form is enclosed with this Notice.  Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than _____.

**11.    When Will I Get My Payment?**

The Court will hold a hearing on _____, 2005, to decide whether to approve the settlement.  If Judge Moskowitz approves the settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps several years.  Everyone who sends in a claim form will be informed of the determination with respect to their claim.  Please be patient.

**12.    What Am I Giving Up to Get a Payment or Stay in the Settlement Class?**

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the same legal issues in this case or that could have been asserted in this case.  It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this case against the Defendants.  The terms of the release are included in the claim form that is enclosed.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue the Defendants on your own about the same legal issues in this case, then you must take steps to get out of the Settlement Class.  This is called excluding yourself or is sometimes referred to as opting out of the Settlement Class.

**13.    How Do I Get Out of the Settlement Class?**

To exclude yourself from the Settlement Class, you must send a letter by mail stating that you want to be excluded from *In re Charlotte Russe Holding, Incorporated Securities Litigation*, Master File No. 04-CV-2528-BTM(WMc).  You must include your name, address, telephone number, your signature, and the number and type of Charlotte Russe securities you purchased between October 25, 2001 and December 6, 2004, the number of shares sold during this time period, if any, and the dates of such purchases and sales.  You must mail your exclusion request postmarked no later than _____ to:

*Charlotte Russe Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

**14.     If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No. Unless you exclude yourself, you give up any right to sue the Defendants for the claims resolved by this settlement. If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is _____.

**15.     If I Exclude Myself, Can I Get Money from This Settlement?**

No. If you exclude yourself, do not send in a claim form. But, you may sue, continue to sue, or be part of a different lawsuit against the Defendants.

## THE LAWYERS REPRESENTING YOU

**16.     Do I Have a Lawyer in This Case?**

The Court asked the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP to represent you and other Settlement Class Members.

These lawyers are called Lead Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.     How Will the Lawyers Be Paid?**

Lead Counsel will ask the Court for attorneys' fees not to exceed 25% of the Settlement Fund (an average of $0.06 per share) and for reimbursement of their out-of-pocket expenses up to $200,000 ($0.01 per share), which were advanced in connection with the Litigation. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this settlement and for their risk in undertaking this representation on a

1  wholly contingent basis.  To date, Lead Counsel have not been paid for their services for conducting

2  this Litigation on behalf of the Lead Plaintiffs and the Settlement Class, nor for their substantial out-

3  of-pocket expenses.  The fee requested will compensate Lead Counsel for their work in achieving

4  the Settlement Fund and is well within the range of fees awarded to class counsel under similar

5  circumstances in other cases of this type.  The Court may award less than this amount.

6                              **OBJECTING TO THE SETTLEMENT**

7         You can tell the Court that you don't agree with the settlement or some part of it.

8         **18.     How Do I Tell the Court that I Don't Like the Settlement?**

9         If you are a Settlement Class Member, you can object to the settlement if you don't like any

10  part of it.  You can give reasons why you think the Court should not approve it.  The Court will

11  consider your views.  To object, you must send a letter saying that you object to the settlement in *In*

12  *re Charlotte Russe Holdings, Incorporated Securities Litigation*, Master File No. 04-CV-2528-

13  BTM(WMc).  Be sure to include your name, address, telephone number, your signature, the number

14  and type of Charlotte Russe securities purchased and sold between October 25, 2001 and December

15  6, 2004, and the reasons you object to the settlement.  Any objection to the settlement must be

16  mailed or delivered such that it is received by each of the following no later than _____:

17         *Court:*

18         Clerk of the Court
19         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF CALIFORNIA
20         880 Front Street
       San Diego, CA  92101-8900

21         *Lead Counsel for Plaintiffs:*

22         Ellen Gusikoff Stewart
       LERACH COUGHLIN STOIA GELLER
23          RUDMAN & ROBBINS LLP
       655 West Broadway, Suite 1900
24         San Diego, CA  92101

25

26

27

28

*Counsel for Defendants:*

Koji F. Fukumura
COOLEY GODWARD LLP
4401 Eastgate Mall
San Diego, CA 92121

**19.     What's the Difference Between Objecting and Excluding?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object *only if* you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

**20.     When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a settlement hearing at _____ a.m., on _____, 2005, at the United States District Court, Southern District of California, 880 Front Street, San Diego, California. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Moskowitz will listen to people who have asked to speak at the hearing. The Court will also consider how much to pay to Lead Counsel. The Court may decide these issues at the hearing or take them under consideration. We do not know how long these decisions will take.

**21.     Do I Have to Come to the Hearing?**

No. Lead Counsel will answer questions Judge Moskowitz may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

04-CV-2528-BTM(WMc)

**22.    May I Speak at the Hearing?**

You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must send a letter saying that it is your intention to appear in *In re Charlotte Russe Holding, Incorporated Securities Litigation*, Master File No. 04-CV-2528-MTM(WMc).  Be sure to include your name, address, telephone number, your signature, and the number and type of Charlotte Russe securities purchased between October 25, 2001 and December 6, 2004.  Your notice of intention to appear must be postmarked no later than _____, 2005, and be sent to the Clerk of the Court, Lead Counsel, and Defendants' counsel, at the three addresses listed in question 18.  You cannot speak at the hearing if you exclude yourself from the Settlement Class.

## IF YOU DO NOTHING

**23.    What Happens if I Do Nothing at All?**

If you do nothing, you'll get no money from this settlement.  But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the same legal issues in this case.

## GETTING MORE INFORMATION

**24.    Are There More Details About the Settlement?**

This Notice summarizes the proposed settlement.  More details are in the Stipulation of Settlement dated October 31, 2005.  You can get a copy of the Stipulation of Settlement by writing to Rick Nelson, c/o Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 or from the Clerk's office at the United States District Court for the Southern District of California, 880 Front Street, San Diego, CA during regular business hours.

**25.    How Do I Get More Information?**

You can call 619/231-1058 or write to Rick Nelson, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 or visit the Claims Administrator's website at www.gilardi.com.

### *DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE*

1

## SPECIAL NOTICE TO NOMINEES

2        If you hold any Charlotte Russe securities purchased between October 25, 2001 and

3    December 6, 2004 as nominee for a beneficial owner, then, within ten (10) days after you receive

4    this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or

5    (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

6                            *Charlotte Russe Securities Litigation*
                        Claims Administrator

7                            c/o Gilardi & Co. LLC
                        P.O. Box 8040

8                            San Rafael, CA 94912-8040

9        If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the

10   Claims Administrator (without cost to you) as many additional copies of these documents as you

11   will need to complete the mailing.

12       Regardless of whether you choose to complete the mailing yourself or elect to have the

13   mailing performed for you, you may obtain reimbursement for or advancement of reasonable

14   administrative costs actually incurred or expected to be incurred in connection with forwarding the

15   Notice and which would not have been incurred but for the obligation to forward the Notice, upon

16   submission of appropriate documentation to the Claims Administrator.

17   DATED: _____, 2005    BY ORDER OF THE COURT
                                   UNITED STATES DISTRICT COURT

18                                      SOUTHERN DISTRICT OF CALIFORNIA

19   S:\Settlement\Charlotte Russe.set\(v2) A1-00024991.doc

20

21

22

23

24

25

26

27

28

# EXHIBIT A-2

1  LERACH COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  WILLIAM S. LERACH (68581)
   EDWARD P. DIETRICH (176118)
3  ELLEN GUSIKOFF STEWART (144892)
   MATTHEW P. MONTGOMERY (180196)
4  655 West Broadway, Suite 1900
   San Diego, CA  92101
5  Telephone: 619/231-1058
   619/231-7423 (fax)
6
   Lead Counsel for Plaintiffs
7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  In re CHARLOTTE RUSSE HOLDING,      )   No. 04-CV-2528-BTM(WMc)
    INCORPORATED SECURITIES            )
12  LITIGATION                         )   CLASS ACTION
                                       )
13  ─────────────────────────────      )   PROOF OF CLAIM AND RELEASE
                                       )
    This Document Relates To:          )   EXHIBIT A-2
14                                     )
        ALL ACTIONS.                   )
15  ─────────────────────────────      )

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    GENERAL INSTRUCTIONS

1.    To recover as a member of the class based on your claims in the action entitled *In re Charlotte Russe Holding, Incorporated Securities Litigation*, Master File No. 04-CV-2528-BTM(WMc) (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Litigation.

2.    Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the settlement of the Litigation.

3.    **YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2006, ADDRESSED AS FOLLOWS:**

> *Charlotte Russe Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA  94912-8040

4.    If you are NOT a Member of the Settlement Class (as defined in the "Notice of Pendency and Proposed Settlement of Class Action") DO NOT submit a Proof of Claim and Release form.

5.    If you are a Member of the Settlement Class and you did not timely request exclusion in connection with the proposed settlement, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

## II.    DEFINITIONS

1.    "Charlotte Russe" means Charlotte Russe Holding, Incorporated and any or all of its predecessors, successors, parents, subsidiaries, divisions, officers, directors, employees and/or related or affiliated entities.

2.    "Defendants" means Charlotte Russe and the Individual Defendants.

3.     "Individual Defendants" means Bernard Zeichner, Mark A. Hoffman and Daniel T. Carter.

4.     "Released Persons" means each and all of the Defendants and their Related Parties (defined below).

## III.   CLAIMANT IDENTIFICATION

1.     If you purchased Charlotte Russe securities and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased Charlotte Russe securities and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.     Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of Charlotte Russe securities which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE CHARLOTTE RUSSE SECURITIES UPON WHICH THIS CLAIM IS BASED.

3.     All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV.   CLAIM FORM

1.     Use Part II of this form entitled "Schedule of Transactions in Charlotte Russe Securities" to supply all required details of your transaction(s) in Charlotte Russe securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

1    2.    On the schedules, provide all of the requested information with respect to **all** of your

2    purchases and **all** of your sales of Charlotte Russe securities which took place at any time between

3    October 25, 2001 and December 6, 2004, inclusive (the "Class Period"), whether such transactions

4    resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your

5    claim.

6    3.    List each transaction in the Class Period separately and in chronological order, by

7    trade date, beginning with the earliest. You must accurately provide the month, day and year of each

8    transaction you list.

9    4.    The date of covering a "short sale" is deemed to be the date of purchase of Charlotte

10   Russe securities. The date of a "short sale" is deemed to be the date of sale of Charlotte Russe

11   securities.

12   5.    Broker confirmations or other documentation of your transactions in Charlotte Russe

13   securities should be attached to your claim. Failure to provide this documentation could delay

14   verification of your claim or result in rejection of your claim.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -                                                04-CV-2528-BTM(WMc)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

*In re Charlotte Russe Holding, Incorporated Securities Litigation*
Master File No. 04-CV-2528-BTM(WMc)

PROOF OF CLAIM AND RELEASE

Must be Postmarked No Later Than:
_____, 2006

<u>Please Type or Print</u>

PART I:        CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____          _____
City                                         State or Province

_____          _____
Zip Code or Postal Code          Country

_____          _____      Individual
Social Security Number or
Taxpayer Identification Number   _____      Corporation/Other

_____          _____
Area Code                 Telephone Number (work)

_____          _____
Area Code                 Telephone Number (home)

_____
Record Owner's Name (if different from beneficial owner listed above)

PART II:          SCHEDULE OF TRANSACTIONS IN CHARLOTTE RUSSE SECURITIES

A.      Number and Type of Charlotte Russe securities held at the beginning of trading on October 25, 2001: _____

B.      Purchases (October 25, 2001 – December 6, 2004, inclusive) of Charlotte Russe securities:

| Trade Date Mo. Day Year | Type of Security | Number of Shares Purchased | Total Purchase Price |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

C.      Sales (October 25, 2001 – December 6, 2004, inclusive) of Charlotte Russe securities:

| Trade Date Mo. Day Year | Type of Security | Number of Shares Sold | Total Sales Price |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ |

D.      Number and type of Charlotte Russe securities held at close of trading on December 6, 2004: _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ THE RELEASE AND YOUR SIGNATURE ON PAGE __ WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE.**

04-CV-2528-BTM(WMc)

V.  **SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I also submit to the jurisdiction of the United States District Court for the Southern District of California, with respect to my claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in the Litigation. I agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Charlotte Russe securities such as options) if requested to do so. I have not submitted any other claim covering the same purchases or sales of Charlotte Russe securities during the Class Period and know of no other person having done so on my behalf.

VI.  **RELEASE**

1.  I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Defendants and each and all of their "Related Parties," defined as each of a Defendant's past or present directors, officers, employees, insurers, co-insurers, reinsurers, controlling shareholders (including, but not limited to, Saunders Karp & Megrue Partners, LLC, SK Equity Fund, L.P., SK Investment Fund, L.P., and any of its affiliates, representatives, agents, assigns, advisors or related entities), attorneys, accountants or auditors, banks or investment banks, advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, or any trust of which any Defendant is the settlor or which is for the benefit of any Individual Defendant and/or member(s) of his family.

2.  "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined below), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or

1   federal common law or statutes, rules or regulations, by the Lead Plaintiffs or any Settlement Class

2   Member against the Released Persons (as defined above) arising out of, based upon or related in any

3   way to any of the following: Both (a) the purchase, sale or holding of Charlotte Russe publicly

4   traded securities by any Lead Plaintiff or any Settlement Class Member during the Class Period and

5   the allegations set forth or that could have been set forth in the Litigation by the Lead Plaintiffs; and

6   (b) the settlement or resolution of the Litigation (including, without limitation, any claim for

7   attorneys' fees by Lead Plaintiffs or Settlement Class Members).

8        3.      "Unknown Claims" means any Released Claims which the Lead Plaintiffs or any

9   Settlement Class Member do not know or suspect to exist in his, her or its favor at the time of the

10  release of the Released Persons which, if known by him, her or it, might have affected his, her or its

11  settlement with and release of the Released Persons, or might have affected his, her or its decision

12  not to object to this settlement.  With respect to any and all Released Claims, the Settling Parties

13  stipulate and agree that, upon the Effective Date, the Lead Plaintiffs shall expressly and each of the

14  Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have,

15  expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

16          **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH**
            **THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR**
17          **HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF**
            **KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS**
18          **OR HER SETTLEMENT WITH THE DEBTOR.**

19  The Lead Plaintiffs shall expressly and each of the Settlement Class Members shall be deemed to

20  have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights

21  and benefits conferred by any law of any state or territory of the United States, or principle of

22  common law, which is similar, comparable or equivalent to California Civil Code §1542.  The Lead

23  Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from

24  those which he, she or it now knows or believes to be true with respect to the subject matter of the

25  Released Claims, but the Lead Plaintiffs shall expressly and each Settlement Class Member, upon

26  the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully,

27  finally, and forever settled and released any and all Released Claims, known or unknown, suspected

28  or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist,

1  or heretofore have existed, upon any theory of law or equity now existing or coming into existence

2  in the future, including, but not limited to, conduct which is negligent, intentional, with or without

3  malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence

4  of such different or additional facts. The Lead Plaintiffs acknowledge, and the Settlement Class

5  Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing

6  waiver was separately bargained for and a key element of the settlement of which this release is a

7  part.

8      4.      This release shall be of no force or effect unless and until the Court approves the

9  Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in

10  the Stipulation).

11     5.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or

12  purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this

13  release or any other part or portion thereof.

14     6.      I (We) hereby warrant and represent that I (we) have included information about all

15  of my (our) transactions in Charlotte Russe securities which occurred during the Class Period as well

16  as the number of shares of Charlotte Russe securities held by me (us) at the beginning of trading on

17  October 25, 2001 and at the close of trading on December 6, 2004.

18     7.      I (We) certify that I am (we are) not subject to backup withholding under the

19  provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

20  Note:  If you have been notified by the Internal Revenue Service that you are subject to backup

21  withholding, please strike out the language that you are not subject to backup withholding in the

22  certification above.

23      I declare under penalty of perjury under the laws of the United States of America that the

24  foregoing information supplied by the undersigned is true and correct.

25      Executed this_____ day of_____

                                    (Month/Year)

26  in _____

27      (City)                          (State/Country)

28

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser,
Executor or Administrator)

## ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.   Please sign the above release and declaration.

2.   Remember to attach supporting documentation, if available.

3.   Do not send original stock certificates.

4.   Keep a copy of your claim form for your records.

5.   If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.   If you move, please send us your new address.

S:\Settlement\Charlotte Russe.set\(v2) A2-00024995.doc

EXHIBIT A-3

1   LERACH COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
2   WILLIAM S. LERACH (68581)
    EDWARD P. DIETRICH (176118)
3   ELLEN GUSIKOFF STEWART (144892)
    MATTHEW P. MONTGOMERY (180196)
4   655 West Broadway, Suite 1900
    San Diego, CA  92101
5   Telephone:  619/231-1058
    619/231-7423 (fax)
6
    Lead Counsel for Plaintiffs
7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   In re CHARLOTTE RUSSE HOLDING,      )   No. 04-CV-2528-BTM(WMc)
     INCORPORATED SECURITIES            )
12   LITIGATION                         )   CLASS ACTION
                                        )
13   _____)   SUMMARY NOTICE
                                        )
     This Document Relates To:          )
14                                      )   EXHIBIT A-3
         ALL ACTIONS.                   )
15   _____)

16

17

18

19

20

21

22

23

24

25

26

27

28

1   TO:   ALL   PERSONS   WHO   PURCHASED   CHARLOTTE   RUSSE   HOLDING,
    INCORPORATED ("CHARLOTTE RUSSE") PUBLICLY TRADED SECURITIES
2   BETWEEN OCTOBER 25, 2001 AND DECEMBER 6, 2004, INCLUSIVE

3        YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District

4   Court for the Southern District of California, a hearing will be held on _____, 2005, at ___:___

5   ___.m., before the Honorable Barry Ted Moskowitz, 880 Front Street, San Diego, California, for the

6   purpose of determining: (1) whether the proposed class action settlement for the sum of $3,900,000

7   in cash should be approved by the Court as fair, reasonable and adequate; (2) whether, thereafter,

8   this Litigation should be dismissed with prejudice as set forth in the Stipulation of Settlement dated

9   October 31, 2005; (3) whether the Plan of Allocation is fair, reasonable and adequate and therefore

10  should be approved; and (4) the reasonableness of the application of Lead Plaintiffs' counsel and the

11  Lead Plaintiffs for the payment of attorneys' fees and reimbursement of expenses incurred in

12  connection with this Litigation, together with interest thereon.

13       If you purchased the publicly traded securities of Charlotte Russe between October 25, 2001

14  and December 6, 2004, inclusive, your rights may be affected by this Litigation and the settlement

15  thereof. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class

16  Action and a copy of the Proof of Claim and Release, you may obtain copies by writing to *Charlotte*

17  *Russe Securities Litigation*, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040. If

18  you are a Settlement Class Member, in order to share in the distribution of the Settlement Fund, you

19  must submit a Proof of Claim and Release such that it is received no later than _____, 2006,

20  establishing that you are entitled to a recovery. You will be bound by any judgment rendered in the

21  Litigation unless you request to be excluded, in writing, to the above address, postmarked by

22  _____, 2005.

23       Any objection to the settlement must be filed with the Court no later than _____, 2005

24  and *received* by the following no later than _____, 2005:

25                    LERACH COUGHLIN STOIA GELLER
                        RUDMAN & ROBBINS LLP
26                    ELLEN GUSIKOFF STEWART
                      655 West Broadway, Suite 1900
27                    San Diego, CA 92101

28                    Counsel for Lead Plaintiffs

1          and

2      COOLEY GODWARD LLP
       KOJI FUKUMURA
3      4401 Eastgate Mall
       San Diego, CA 92121
4
       Counsel for Defendants
5

6   **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**
    **REGARDING THIS NOTICE.**
7

8
    DATED: _____, 2005     BY ORDER OF THE COURT
9                                     UNITED STATES DISTRICT COURT
                                      SOUTHERN DISTRICT OF CALIFORNIA
10

11  S:\Settlement\Charlotte Russe.set\(v2) A3-00024996.doc

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT  B

1

2

3

4

5

6

7

8

9      UNITED STATES DISTRICT COURT

10      SOUTHERN DISTRICT OF CALIFORNIA

11  | In re CHARLOTTE RUSSE HOLDING, | ) | No. 04-CV-2528-BTM(WMc) |

INCORPORATED SECURITIES

12  LITIGATION                            )    CLASS ACTION

13  ————————————————                [PROPOSED] FINAL JUDGMENT AND
                                    ORDER OF DISMISSAL WITH PREJUDICE

14  This Document Relates To:          )

        ALL ACTIONS.                  )    EXHIBIT B

15  ————————————————

16

17

18

19

20

21

22

23

24

25

26

27

28

1    This matter came before the Court for hearing pursuant to an Order of this Court, dated

2    _____, 2005, on the application of the Settling Parties for approval of the settlement set

3    forth in the Stipulation of Settlement dated October 31, 2005 (the "Stipulation"). Due and adequate

4    notice having been given of the settlement as required in said Order, and the Court having

5    considered all papers filed and proceedings held herein and otherwise being fully informed in the

6    premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND

7    DECREED that:

8        1.    This Judgment incorporates by reference the definitions in the Stipulation, and all

9    terms used herein shall have the same meanings set forth in the Stipulation.

10       2.    This Court has jurisdiction over the subject matter of the Litigation and over all

11   parties to the Litigation, including all Members of the Settlement Class.

12       3.    Except as to any individual claim of those Persons (identified in Exhibit 1 attached

13   hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation

14   and all claims contained therein, including all of the Released Claims, are dismissed with prejudice

15   as to the Lead Plaintiffs and the other Members of the Settlement Class, and as against each and all

16   of the Released Persons. The parties are to bear their own costs, except as otherwise provided in the

17   Stipulation.

18       4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

19   approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects,

20   fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiffs, the Settlement

21   Class and each of the Settlement Class Members. This Court further finds the settlement set forth in

22   the Stipulation is the result of arm's-length negotiations between experienced counsel representing

23   the interests of the Lead Plaintiffs, the Settlement Class Members and the Defendants. Accordingly,

24   the settlement embodied in the Stipulation is hereby approved in all respects and shall be

25   consummated in accordance with its terms and provisions. The Settling Parties are hereby directed

26   to perform the terms of the Stipulation.

27       5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby

28   certifies, for purposes of effectuating this settlement, a Settlement Class of all Persons who

1  purchased, sold or held Charlotte Russe publicly traded securities during the period between October

2  25, 2001 and December 6, 2004, inclusive. Excluded from the Settlement Class are Defendants,

3  members of the immediate families of the Individual Defendants, any entity in which any Defendant

4  has or had a controlling interest, directors and officers of Charlotte Russe, and the legal

5  representatives, heirs, successors, or assigns of any such excluded Person. Also excluded from the

6  Settlement Class are those Persons who timely and validly requested exclusion from the Settlement

7  Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

8      6.      With respect to the Settlement Class, this Court finds for the purposes of effectuating

9  this settlement that (a) the Members of the Settlement Class are so numerous that joinder of all

10  Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact

11  common to the Settlement Class which predominate over any individual questions; (c) the claims of

12  the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) the Lead Plaintiffs and Lead

13  Counsel have fairly and adequately represented and protected the interests of all of the Settlement

14  Class Members; and (e) a class action is superior to other available methods for the fair and efficient

15  adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class

16  in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any

17  litigation concerning the controversy already commenced by Members of the Settlement Class; (iii)

18  the desirability or undesirability of continuing the litigation of these claims in this particular forum;

19  and (iv) the difficulties likely to be encountered in the management of the Litigation.

20      7.      Upon the Effective Date, the Lead Plaintiffs and each of the Settlement Class

21  Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and

22  forever released, relinquished and discharged all Released Claims against the Released Persons,

23  whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release

24  form.

25      8.      All Settlement Class Members are hereby forever barred and enjoined from

26  prosecuting the Released Claims against the Released Persons.

27      9.      Upon the Effective Date hereof, each of the Released Persons shall be deemed to

28  have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished

1   and discharged each and all of the Settlement Class Members and their counsel from all claims

2   (including Unknown Claims), arising out of, relating to, or in connection with the institution,

3   prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

4       10.     The distribution of the Notice of Pendency and Proposed Settlement of Class Action

5   and the publication of the Summary Notice as provided for in the Order Preliminarily Approving

6   Settlement and Providing for Notice constituted the best notice practicable under the circumstances,

7   including individual notice to all Members of the Settlement Class who could be identified through

8   reasonable effort. Said Notice provided the best notice practicable under the circumstances of those

9   proceedings and of the matters set forth therein, including the proposed settlement set forth in the

10  Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of

11  Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

12      11.     Any plan of allocation submitted by Lead Counsel or any order entered regarding the

13  attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall

14  be considered separate from this Final Judgment.

15      12.     Neither the Stipulation nor the settlement contained therein, nor any act performed or

16  document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be

17  deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim,

18  or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used

19  as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil,

20  criminal or administrative proceeding in any court, administrative agency or other tribunal.

21      13.     Without affecting the finality of this Judgment in any way, this Court hereby retains

22  continuing jurisdiction over (a) implementation of this settlement and any award or distribution of

23  the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund;

24  (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d)

25  all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

26      14.     The Court finds that during the course of the Litigation, the Settling Parties and their

27  respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure

28  11.

1    15.    In the event that the settlement does not become effective in accordance with the

2  terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement

3  Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null

4  and void to the extent provided by and in accordance with the Stipulation and shall be vacated and,

5  in such event, all orders entered and releases delivered in connection herewith shall be null and void

6  to the extent provided by and in accordance with the Stipulation.

7

8

9  DATED: _____      _____

10                                       THE HONORABLE BARRY TED MOSKOWITZ
                                         UNITED STATES DISTRICT JUDGE

11  Submitted by:

12  LERACH COUGHLIN STOIA GELLER

13    RUDMAN & ROBBINS LLP
     WILLIAM S. LERACH

14   EDWARD P. DIETRICH
     ELLEN GUSIKOFF STEWART

15   MATTHEW P. MONTGOMERY

16

17  _____
        ELLEN GUSIKOFF STEWART

18  655 West Broadway, Suite 1900

19  San Diego, CA 92101
     Telephone: 619/231-1058

20  619/231-7423 (fax)

21  Lead Counsel for Plaintiffs

22  S:\Settlement\Charlotte Russe.set\(v2) EB-00025016.doc

23

24

25

26

27

28

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2.      That on November 9, 2005, declarant served the **STIPULATION OF SETTLEMENT** by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.      That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 9th day of November, 2005, at San Diego, California.

_____
YVETTE D. GRAY

CHARLOTTE RUSSE (LEAD)
Service List – 11/7/2005    (04-0575)
Page 1 of 1

### Counsel For Defendant(s)

William E. Grauer
Philip C. Tencer
Koji F. Fukumura
Cooley Godward LLP
4401 Eastgate Mall
San Diego, CA 92121
  858/550-6000
  858/550-6420 (Fax)


### Counsel For Plaintiff(s)

William S. Lerach
Edward P. Dietrich
Matthew P. Montgomery
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
  619/231-1058
  619/231-7423 (Fax)

**EXHIBIT 2**

REC'D SEP = 5 2006

FILED

2006 AUG 30  PM 1: 33

CLERK US D. . . . . . .
SOUTHERN DISTRICT J. CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CHARLOTTE RUSSE HOLDING, INCORPORATED SECURITIES LITIGATION | CASE NO. 04cv2528 BTM (WMc) |
| | **ORDER APPROVING (1) FINAL SETTLEMENT; (2) PLAN ALLOCATION OF SETTLEMENT PROCEEDS AND (3) APPLICATION FOR AWARD OF ATTORNEY'S FEES AND REIMBURSEMENT OF EXPENSES [Doc. #'s 30-1, 30-2, & 30-3]** |

On May 25, 2006, motions for (1) final approval of the class action settlement; (2) the plan allocation of settlement proceeds; and (3) a motion for attorney's fees and costs were filed in this class action suit. On June 8, 2006, the Court held a hearing on these motions. On August 15, 2006, the lead counsel for the Plaintiffs filed declarations from Lead Plaintiffs (1) Ironworkers Local Union #1 Annuity, Pension, and Welfare Funds ("Ironworkers") and (2) Charleston Waterfront Employers-International Longshoremen's Association Pension Fund ("Longshoremen") (collectively "Lead Plaintiffs"). For the reasons set forth below, the motions are **GRANTED**.

## I.    BACKGROUND

On December 17, 2004, a securities class action suit was filed on behalf of persons who purchased Charlotte Russe Holding, Inc. ("Charlotte Russe") publicly traded securities between October 23, 2003 and December 6, 2004. The complaint alleged that the

1 | Defendants issued false financial statements about its turnaround initiatives, in violation of
2 | §§ 10(b) and 20(a) of the Securities Exchange Act of 1934. It further alleged that these false
3 | statements resulted in Charlotte Russe securities trading at artificially high levels. Similar
4 | actions were filed on December 23, 2004 and February 4, 2005. By orders filed April 25,
5 | 2005, the Court issued separate orders (1) consolidating the cases as captioned above and
6 | (2) appointing Lead Plaintiffs and Lerach Coughlin, et. al as lead counsel for the class.

7 | By order filed March 14, 2006, the Court preliminarily approved the settlement. Under
8 | the terms of the settlement, the Defendant will pay $ 3,900,000 cash consideration into the
9 | settlement fund. Lead Counsel also seeks 25% of the settlement fund plus reimbursement
10 | of out-of-pocket expenses of $106,769.34. One shareholder to whom notice was sent
11 | objected to the settlement. However, he sold his shares at a profit, and is therefore not
12 | entitled to recover per the plan of allocation. See Doc. # 26.

13 |

14 | II.     TERMS OF THE SETTLEMENT AND PLAN OF ALLOCATION

15 | The proposed settlement and plan of allocation generally provides for payment for
16 | people who held common stock, call options, and put options during the Class Period. The
17 | amount of each claim will vary depending on when a Settlement Class Member brought the
18 | securities during the Class Period, whether the member sold the securities during the Class
19 | Period or if those securities were held to the end of the class period. A class member is
20 | eligible to receive a distribution from the Net Settlement Fund only if the member had a net
21 | loss, after all profits from transactions in Charlotte Russe securities are subtracted from all
22 | losses.

23 |

24 | III.    DISCUSSION

25 | A.     Appropriateness of Final Settlement Approval and Plan Allocation

26 | A court may approve a settlement upon finding that it is fair, reasonable, and
27 | adequate. Fed. R. Civ. P. 23(e)(1)(C). Similarly, a plan of allocation must also be fair,
28 | reasonable, and adequate. See Class Plaintiffs v. Seattle, 955 F.2d 1268, 1284 (9th Cir.

2

04cv2528

1992). In determining whether a proposed class action settlement is fair, reasonable, and adequate, a court may consider some or all of the following factors: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. Linney v. Cellular Alaska P'ship, 151 F.3d 1234, 1242 (9th Cir. 1998).

Not all of the abovementioned factors will apply to every class action. "This list is not exclusive and different factors may predominate in different factual contexts." Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1375 (9th Cir. 1993) (citation omitted). Ultimately, the district court's determination is an "amalgam of delicate balancing, gross approximations, and rough justice." Officers for Justice v. Civil Service Comm'n of the City and County of San Francisco, 688 F.2d 615, 625 (9th Cir. 1982) (quoting City of Detroit v. Grinnell Corp., 495 F.2d 448, 468 (2d Cir. 1974)).

1.    Strength of Plaintiffs' Case and the Risk, Expense, Complexity and Likely Duration of Further Litigation

The Court finds that continued litigation in this case would involve extensive discovery, great expense, the possibility of protracted litigation and appeals, and risk that Plaintiffs would not ultimately prevail.

While Plaintiffs have represented that they believe they would ultimately prevail at trial, there are risks with continuing the litigation. Without this settlement, Plaintiffs would likely face a motion to dismiss. If they did in fact prevail on this motion, they would then face expensive discovery and a motion for summary judgment. Assuming the Plaintiff could survive this motion, they would still have to prove scienter and establish liability and damages at trial. Furthermore, any favorable judgment at trial would be subject to post-trial motions and appeals, which could potentially prolong even further, or even prevent, any

04cv2528

1   recovery for the settlement class.  Additionally, each of the Lead Plaintiffs, pension funds

2   with fiduciary duties to participants, acknowledge that there are several risks to proceeding

3   with the litigation.  See generally Ironworkers Decl. ¶ 4; Longshoremen Decl. ¶ 4.

4          Given these risks, the court finds the proposed settlement and plan of allocation fair,

5   reasonable, and adequate.

6

7          2.      Amount Offered in Settlement

8          The settlement provides a genuine recovery to the members of the class.  The

9   $3,900,000 (inclusive of attorney's costs) provides class members some recovery for their

10  losses.

11

12         3.      The Experience and View of Counsel

13         Counsel for Plaintiffs are experienced attorneys who are knowledgeable about the

14  legal and factual issues in this case. Counsel asserts that the proposed settlement and plan

15  allocation is fair, reasonable, and adequate.

16

17         4.      Reaction of Class Members to the Proposed Settlement

18         Both Lead Plaintiffs have filed declarations in support of the settlement. Each in their

19  declaration explain that they understood the issues and risks in this litigation and that they

20  have agreed that Lerach Coughlin should enter into the proposed settlement.  Each

21  specifically noted that prolonging the litigation (by raising the defense costs) could result in

22  the diminishment of proceeds by which to pay the settlement.  See Ironworkers Decl. ¶ 4 &

23  5; Longshoremen Decl. ¶ 4 & 5.  Furthermore, as noted, there was only one objection to the

24  proposed settlement, brought by Michael James Kennel, a former shareholder.  He in fact

25  profited from his purchase of Defendants shares.  His objection is therefore overruled.

26         Additionally, the Court is satisfied that class members received "the best notice

27  practicable under the circumstances." Fed. R. Civ. Pro. 23(c)(2)(B). Notices of Settlement

28  were sent to over 11,700 potential class members. Sylvester Supp. Decl. ¶ 5.  Summary

4

1   Notice was also published in *Investor's Business Daily* on March 31, 2006.

2

3   B.   Motion for Attorney's Fees and Costs

4        Lead counsel Lerach Coughlin seeks 25% of the settlement fund plus reimbursement

5   of out-of-pocket expenses of $106,769.34. The Court finds that these requested fees and

6   most of the expenses requested are fair and reasonable.

7        The Ninth Circuit has established 25% of the common fund as the "benchmark" award

8   for attorney's fees. Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1376 (9th Cir. 1993).

9   However, 25% may be unreasonable in some cases. Id. In determining whether the

10  benchmark percentage should be adjusted, courts may consider factors such as the quality

11  of counsel, the benefits obtained for the class, the complexity of the issues, and the risk of

12  nonpayment. In re Quintus Sec. Lit., 148 F. Supp. 2d 967, 973-74 (N.D. Cal. 2001).

13       Here the Court finds application of the benchmark appropriate. Lead counsel

14  achieved a settlement without the necessity of prolonged litigation, which could have

15  depleted funds available for the class. Lerach took the case on contingency and therefore

16  bore the risk of receiving nothing. Finally, as noted, the Lead Plaintiffs have authorized the

17  settlement. Their reaction further supports application of the 25% benchmark fee.

18       The Court approves expenses in the amount of $91,519.34. In his declaration, class

19  counsel Edward Dietrich avers that his firm incurred $106,769.34 in expenses. Dietrich Decl.

20  ¶¶ 123-125. Most of these expenses are for outsourced private investigators who spent

21  significant time identifying potential witnesses and conducting interviews for consultants and

22  other experts. Id. The outsourced expenses constitute $76,997.54 of the total sought. See

23  Stewart Decl. ¶ 5. Plaintiffs are entitled to reimbursement for these costs. Additionally,

24  photocopying costs and miscellaneous costs are also reasonable expenses and should be

25  reimbursed. See In re McDonnell Douglas Equip. Leasing Sec. Litig., 842 F. Supp. 733, 746

26  (S.D.N.Y. 1994). Online research into Defendants' filings and media reports about the

27  company are also reasonable costs.

28       $15,250 of the expenses are for in-house experts used mostly for forensic accounting

5

1   and damages analysis. <u>See</u> Stewart Decl. ¶ 5. There is no doubt that Plaintiff's counsel is

2   entitled to in-house costs for expenses related to forensic accountants, economic/damage

3   analysis, and investigators. However, Lerach can only be reimbursed for their out-of-pocket

4   costs for these in-house employees. It is not entitled to a profit or premium above the hourly

5   cost (including salary and benefits) to the firm of each of these employees. It cannot

6   therefore seek reimbursement for these employees' hourly rates unless these rates equal

7   the cost to Lerach. Accordingly, the Court denies the motion with respect to this $15,250

8   sum. This denial is without prejudice. Counsel may supplement their filings with

9   documentation detailing actual out-of-pocket expenses for these employees. Such filing

10  must be made on or before **September 28, 2006**.

11

12  **IV.   CONCLUSION**

13          For the reasons discussed above, the Court gives final approval to the settlement and

14  plan of allocation. It finds both fair, reasonable, and adequate. It also awards $975,000 in

15  attorney's fees and $91,519.34 in expenses. The parties shall submit a proposed order for

16  dismissal of the action.

17          **IT IS SO ORDERED**.

18

19  Dated:   8/29/2006

20                                          **HONORABLE BARRY TED MOSKOWITZ**
                                            United States District Judge
21

22  cc:   all counsel of record

23

24

25

26

27

28

6

04cv2528

**EXHIBIT 3**

**AS OF MAY 23, 2006**

**NO REQUESTS FOR EXCLUSION HAVE BEEN RECEIVED**